```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                      NASHVILLE DIVISION


SAMUEL THACKER                  ]
      Plaintiff,                ]
                                ]
v.                              ]       No. 3:11-0946
                                ]       Judge Campbell
CORRECT CARE SOLUTIONS          ]
      Defendant.                ]
```

**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Metro Davidson County Detention Facility in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against Correct Care Solutions, a contract provider of health and dental care at the Davidson County Correctional Development Center ("Center"), seeking damages.

On January 26, 2011, a dentist at the Center extracted one of the plaintiff's teeth. During the procedure, the plaintiff claims that the dentist cracked his lower jawbone and damaged a healthy tooth. Despite plaintiff's complaints of pain, medical personnel at the Center seemed unwilling to acknowledge the injury and provide him with treatment. Finally, on February 24, 2011, the plaintiff was taken to an outside hospital where he underwent oral surgery to correct the problem. The plaintiff believes that the defendant's employees violated his right to dental care.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that the defendant, while acting under color of

state law, deprived his of a right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908 (1981).

The plaintiff can not sue the defendant solely because of its status as an employer. 42 U.S.C. § 1983 will not support a claim posed on a respondeat superior theory of liability. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Where there is no allegation of participation, either directly or indirectly, by an employer in an allegedly wrongful act, the complaint fails to state a cause of action upon which relief can be granted. Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir.1982), *cert. denied*, 460 U.S. 1086 (1983).

In this case, there has been no showing that the defendant had knowledge of the plaintiff's alleged dental needs or participated, either directly or indirectly, in the decision to deny him dental care. As a consequence, the defendant can not be held liable solely because of the actions of its employees. Gibson v. Matthews, 926 F.2d 532, 535 (6th Cir.1991). This action, therefore, is subject to *sua sponte* dismissal because the plaintiff has failed to state a claim against the defendant upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

                                                                         */s/ Todd Campbell*
Todd Campbell
United States District Judge